IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-cv-527-BO

| | |
|---|---|
| CARLTON HAMILTON and ) | |
| KRISTINA HAMILTON, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | ORDER |
| v. ) | |
| ) | |
| MOVING NATION DELIVERIES, LLC, ) | |
| ) | |
| Defendant. ) | |

This cause comes before the Court on plaintiffs' motion for entry of default judgment against defendant Moving Nation Deliveries, LLC. The motion is GRANTED.

## BACKGROUND

Plaintiffs brought this action against a moving company they hired to move their household belongings from Seattle, Washington to a new residence in Wake County, North Carolina. Plaintiffs allege that defendant provided plaintiffs with a binding price estimate, but then once in possession of plaintiffs' belongings, repeatedly demanded more and more money from them, refused to deliver the goods until plaintiffs paid the additional amounts, and ultimately forced plaintiffs to rent two U-Haul trucks to pick up their belongings from a Walmart parking lot.

Plaintiffs assert ten claims for relief: (1) breach of contract; (2) violation of 49 U.S.C. § 14104 and regulations promulgated pursuant to it; (3)–(7) fraud; (8) conversion; (9) tortious breach of contract; and (10) unfair and deceptive trade practice.

Defendant failed to appear in this action after service of the complaint and summons were made on January 14, 2020. Clerk's default was entered against defendant on March 5, 2020. Plaintiffs now move for default judgment.

## DISCUSSION

Plaintiffs seek entry of default judgment under Federal Rule of Civil Procedure 55(b). After the entry of default, the well-pleaded factual allegations in plaintiffs' complaint are deemed admitted. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). The Court must then "determine whether the well-pleaded allegations in [the] complaint support the relief sought in this action." *Id.* The Court concludes that the allegations support the relief sought.

The first claim for relief is breach of contract. Plaintiffs allege that the parties had a contract for defendant to move plaintiffs' household goods from Seattle to North Carolina. Defendant breached that contract by charging more than what was agreed upon and ultimately failing to perform. Defendant compelled plaintiffs to pay more than the agreed upon price by, among other things, conditioning release of plaintiffs' goods on additional payment and refusing to deliver the goods. Plaintiffs ultimately had to retrieve their belongings from a Walmart parking lot. These facts entitle plaintiffs to relief for breach of contract.

Plaintiffs' second claim for relief asserts violation of federal laws governing household goods carriers. Plaintiffs have adequately alleged that defendant violated 49 U.S.C. § 14104(b)(1)(C) by attempting to extract additional payment from plaintiffs before and during the move, contravening the binding estimate previously provided by defendant. Moreover, defendant ran afoul of the regulations that detail the procedures by which a household goods carrier may amend a binding estimate. *See* 49 C.F.R. §§ 375.401, 375.403. The law gives plaintiffs a cause of

action for damages for these violations. 49 U.S.C. § 14704(a)(2). Accordingly, plaintiffs are entitled to relief on this claim.

Plaintiffs' third through seventh causes of action are for fraudulent misrepresentation. The elements are: "(i) false representation or concealment of a material fact, (ii) reasonably calculated to deceive, (iii) made with intent to deceive, (iv) which does in fact deceive, (v) resulting in damage to the injured party." *Taylor v. Gore*, 161 N.C. App. 300, 303 (2003). Each asserted claim of fraud corresponds with a specific material misrepresentation made by defendant. These misrepresentations pertain to the initial quote, the number and status of the movers, the meaning of certain provisions on the shipping forms, and the location drop point. The admitted facts entitle plaintiffs to relief on each fraud count.

The eighth claim is conversion. Conversion is "an unauthorized assumption and exercise of the right of ownership over goods or personal chattels belonging to another, to the alteration of their condition or the exclusion of an owner's rights." *Variety Wholesalers, Inc. v. Salem Logistics Traffic Servs., LLC*, 365 N.C. 520, 523 (2012) (citation and internal quotation marks omitted). "The essence of conversion is not the acquisition of property by the wrongdoer, but a wrongful deprivation of it to the owner[.]" *Bartlett Milling Co., L.P. v. Walnut Grove Auction & Realty Co.*, 192 N.C. App. 74, 86 (2008). Here, defendant wrongfully converted plaintiffs' belongings by, among other things, wrongfully retaining and damaging them.

Plaintiffs have further demonstrated that they are entitled to relief for tortious breach of contract. In order to sustain a claim for tortious breach of contract, there must be—in addition to a breach of contract—an identifiable tort. *Nereim v. Cummins*, 248 N.C. App. 302 (2016). The tortious conduct must include an element of aggravation such as "fraud, malice, such a degree of negligence as indicates a reckless indifference to consequences, oppression, insult, rudeness,

3

caprice, and willfulness." *Id.* Plaintiffs allegations include several incidents of fraud, and therefore, they are entitled to relief on their ninth claim.

Finally, plaintiffs are entitled to relief on their claim for violation of North Carolina's unfair and deceptive trade practices statute. N.C. Gen. Stat. § 75-1.1. "A practice is unfair when it offends established public policy as well as when the practice is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers[.]" *Bumpers v. Cmty. Bank of N. Virginia*, 367 N.C. 81, 91 (2013). The admitted facts from the complaint clearly fit this description.

Accordingly, plaintiffs have demonstrated that defendant is liable for damages. Plaintiffs have submitted a calculation of damages supported by affidavit. These damages include: (1) the $3,214.13 difference between the amount due under the binding estimate and the amount actually charged by defendant, (2) the $2,766.43 worth of damage to plaintiffs' goods, (3) $585.97 for the hired U-Haul trucks to take delivery, and (4) $2,500 in compensation for the time and emotional distress caused by defendant's conduct. This totals to $9,066.53. North Carolina's unfair and deceptive trade practice law provides for treble damages, which in this case amounts to $27,199.59. *See* N.C. Gen. Stat. § 75-16. All told, the Court awards plaintiffs $27,199.59 in damages and $2,930 for reasonable attorney's fees.

## CONCLUSION

Plaintiffs' amended motion [DE 18] for entry of default judgment against defendant Moving Nation Deliveries, LLC, is GRANTED. Default judgment against defendant is hereby entered in the amount of $27,199.59 for damages and $2,930 for attorney fees. Post-judgment interest shall accrue pursuant to 28 U.S.C. § 1961(a). Plaintiffs' motion to recover costs for service [DE 16] is DENIED. The initial default judgment motion [DE 14] is DENIED AS MOOT. The clerk is DIRECTED to close this case.

4

SO ORDERED, this ___1___ day of ~~May~~ June, 2020.

_____
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE